UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRA RICHARDSON, *et al.*

    Plaintiffs,

vs.

Case No.13-cv-10234
HON. GERSHWIN A. DRAIN

WELLS FARGO BANK, NA,

    Defendant.

_____/

<u>OPINION AND ORDER GRANTING/DENYING DEFENDANT'S
MOTION FOR PRELIMINARY INJUNCTION [#13]</u>

I.  INTRODUCTION

This FED. R. CIV. P. 65 Preliminary Injunction Motion is presently before the Court by Defendant Wells Fargo Bank, NA ("Wells Fargo") seeking a temporary restraining order or a preliminary injunction. On May 2, 2013, the Court denied the motion seeking a temporary restraining order and set a hearing for the preliminary injunction motion. Plaintiff was ordered to respond by May 8, 2013.  The Court held oral argument on the Motion on May 14, 2013. This Opinion and Order sets forth the Court's ruling. For the reasons stated below the Court will **DENY** Defendant's Motion for a Preliminary Injunction.

II.  FACTUAL BACKGROUND

Plaintiffs filed a motion to quiet title on property located at 5828 Oak Hill Rd., Ortonville, Michigan 48462 ("Property"). Plaintiffs purchased and obtained a mortgage on

the property from Coastal Capital Corporation on September 11, 2006. *See* Compl. Dkt. No. 1-1, pg. 22. The mortgage was recorded on September 29, 2006, in Liber 38183, page 241, Oakland County Records. *See generally*, Def.'s Mot. to Dismiss, Dkt. No. 11-2. On February 25, 2008, the mortgage was assigned to Option One Mortgage Corporation. The assignment was recorded May 30, 2008, in Liber 40345, page 305, Oakland County Records. *See generally*, Def.'s Mot. to Dismiss, Dkt. No. 11-3. The mortgage was lastly assigned to Wells Fargo on or about February 26, 2009, and recorded on March 13, 2009, in Liber 40974, page 450, Oakland County Records. *See generally,* Def.'s Mot. to Dismiss, Dkt. No. 11-4.

On or about November of 2008, Plaintiffs defaulted on the mortgage. The Property was foreclosed on and a Sherriff's sale was held on March 2, 2010. Defendant purchased the property at the Sheriff's sale, and the deed was recorded on March 22, 2010, in Liber 41918, page 304, Oakland County Records. *See* Compl., Dkt. No. 1-1, pg. 16. Plaintiffs failed to redeem the property by the one-year statutory redemption date of March 2, 2011.

On March 10, 2011, in an attempt to retain the Property, Plaintiffs filed an action in Oakland County Circuit Court that was eventually dismissed on June 24, 2011, for failure to prosecute. *See* Def.'s Mot. to Dismiss, Dkt. No. 11-6. Defendant obtained a judgment of possession; of which, Plaintiffs appealed to the District Court and the Circuit Court and both were dismissed in favor of Defendant. *See* Def.'s Mot. to Dismiss, Dkt. No. 11-7, 11-8, 11-9.

After the dismissal from Circuit Court, Defendant obtained an order of eviction that Plaintiffs appealed to the Circuit Court, and on February 28, 2013, this second claim of appeal was dismissed. *See* Def.'s Mot. to Dismiss, Dkt. No. 11-10. Defendant took

possession of the Property in February of 2013. Subsequent to Defendant taking possession, Plaintiffs have posted no trespassing signs and erected a steel cable preventing access to the property. *See* Emergency Mot., Dkt. No. 13-3. Defendant states that Plaintiffs have harassed and threatened Defendant and its agents and thwarted its attempts to market the Property. Defendant asks this Court to order Plaintiffs to cease their continued trespass and alleged diminution of the Property.

### III. ANALYSIS

#### A. Standard of Review

Whether a preliminary injunction should issue lies within the sound discretion of the district court. *Golden v Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). To determine whether to grant Defendant's Motion for Preliminary Injunction, the Court must consider four factors: (1) Defendant's likelihood of success on the merits, (2) whether the Defendant will suffer irreparable harm without the injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) the impact of the injunction on the public interest. *Id.* at 653. The Court must balance all four factors and "[n]one of these factors, standing alone, is a prerequisite to relief. . . ." *Id.*

#### I. Defendant's Likelihood of Success on the Merits

The degree to which a movant must establish a likelihood of success on the merits often depends upon the strength of the other three factors. *See In re DeLorean Motor Co.*, 755 F.2d 1223, 1227-1228 (6th Cir. 1985). Defendant contends that it is likely to succeed on the merits of its summary judgment motion for several reasons. For purposes of this

preliminary injunction analysis, the Court will address Defendant's argument that it will likely succeed on the merits pursuant to the doctrine of *res judicata*.

Defendant argues that Plaintiffs' claim is barred by the doctrine of *res judicata*, or claim preclusion. *Res judicata* refers broadly to the concept that a final judgment on the merits of an action precludes relitigation of issues that were or could have been raised in that action. *See Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981). Said another way, res judicata prevents parties from filing multiple lawsuits litigating the same cause of action.

*Res judicata* applies where the following elements are present: (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was – or could have been – resolved in the first action. *Sewell v. Clean Cut Mgmt., Inc.* 463, Mich. 569, 575 (2001). Michigan's Supreme Court "has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v. State*, 470 Mich. 105, 121 (2004).

In this case, the first element of *res judicata* – final judgment on the merits – was met on June 30, 2011, in the 52-2nd District Court, where the court ruled in a motion for summary disposition that Defendant had a right to possession of the Property and issued an order evicting Plaintiffs. *See* Mot. Dkt. No. 11-8. "A federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Walker v. Gen. Motors Corp.*, Case No. 91-3096, 940 F.2d 664, [published in full-text format at 1991 U.S. App. LEXIS 18960] at *2 (6th

Cir. Aug. 8, 1991) (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75. 81 (1984)).

The second and third elements are also met because the prior action in the 52-2nd District Court involved the exact same parties currently before the Court in this action, and the claims asserted in this action all arise out of the Property at issue. As such, the first element of the *res judicata* test is satisfied.

In order to satisfy the "same parties or their privies" element, "a perfect identity of the parties is not required, only a substantial identity of the interests that are adequately presented and protected by the first litigant." *Adair*, 470 Mich. at 122. It is unequivocal that the parties in the case at bar, Myra and Robert Richardson and Wells Fargo, are identical to the parties in the prior case. *See* Mot. Dkt. No. 11-8.  Thus, Defendant has satisfied the second element of the *res judicata* test.

The third *res judicata* element is satisfied, as the claims asserted in this case could have been adjudicated in the original case. "*Res judicata* bars every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich. at 123. This case is analogous to *Smith v. Chase Manhattan Mortg. Corp.*, Case No. 08-14308, 2009 U.S. Dist. LEXIS 45290 at *3 (E.D. Mich. May 29, 2009), where the court found plaintiff's claims were subject to the doctrine of res judicata because the original and subsequent claims "arise from the very same mortgage transaction . . . any claim relating to the [p]laintiff's grant of a mortgage on his real estate to MERS, as nominee for Aegis Funding Corporation, was necessarily ripe for adjudication at the time of the foreclosure of the mortgage obligations."

Here, the two actions arise from the same loan and foreclosure transactions. There

is nothing about the character of the claims brought in the subsequent complaint that leads this Court to conclude that the claims could not have been brought at the time of the initial action. Because the Plaintiffs could have brought all of the claims in this action at the time the action was filed in the 52-2nd District Court in 2011, the third element of the *res judicata* test is satisfied.

Thus, the doctrine of *res judicata* would apply to the present case at bar. The Defendant has shown that it is likely to succeed on the merits, and meets the first prong of the *Golden* preliminary injunction test.

### II. Whether Defendant Will Suffer Irreparable Harm

Defendant argues that it has suffered and will continue to suffer irreparable harm because Plaintiffs and their agents continuously harass and prevent contractors from entering or repairing the Property. Thus, Defendant contends that the Property is being diminished and compromised and Defendant is not able to market the property as a result. Defendant also states that the delay of selling the Property, carrying costs for the Property, and additional court and attorney's fees, all support its contention that the harm it will suffer is irreparable. *See* Mot., Dkt. No. 13, pg. 12.

Plaintiffs argue that they have not damaged the Property, and that Defendant's references to a broken lock box and a cable wire do not rise to the level of damage to the Property that would constitute irreparable harm. *See* Resp. Dkt. No. 16, pg.16.

A party's harm is "irreparable" when it cannot be adequately compensated by money damages. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. V. E.F. Hutton & Co.*, 403 F.Supp. 336, 343 (E.D. Mich. 1975). "A finding of irreparable harm is the single most

important prerequisite that the Court must examine when ruling upon a motion for a preliminary injunction." *Wells Fargo & Co. v. WhenU.com, Inc.*, 293 F. Supp. 2d 734, 771 (E.D. Mich. 2003). To determine the harm facing the Defendant, the Court must assess three factors: "(1) the substantiality of the injury alleged, (2) the likelihood of its occurrence, and (3) the adequacy of the proof provided." *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). In establishing the harm, Defendant must provide the Court with record evidence, such as facts and affidavits, from which the Court can make findings. *Id.* at 290-91. "[A movant's] harm is not irreparable if it is fully compensable by money damages." *Basiccomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).

Here, the substantiality of the injury alleged, Defendant's reduced marketability of the Property, is minimal at best. Other than general claims that the marketability of their property will be lowered in the eyes of prospective purchasers, and that the Property was being diminished and compromised, Plaintiffs presented no evidence that they will "suffer any specific, let alone irreparable harm to their property." *Kernen v. Homestead*, 232 Mic. App. 503, 515 (1988). The loss of a source of income. . . does not constitute irreparable harm." *See Kia Motors Am., Inc. v. Glassman Oldsmobile Saab Hyundai, Inc.*, Case No. 11-12090, 2012 U.S. Dist. LEXIS 65170, at *6 (E.D. Mich. May 9, 2012) (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578-79 (6th Cir. 2002)). The Property at issue is commercial real estate, and Defendant can recoup its losses through money damages.

Defendant has not presented the Court with adequate proof demonstrating that the harm it alleges it will suffer if the injunction is not issued will occur or that the harm is


irreparable. Therefore, Defendant has not presented facts that it will suffer irreparable harm if the injunction is not issued, pursuant to the second prong of the *Golden* preliminary injunction test.

### III. Whether Granting the Injunction Will Cause Substantial Harm to Others

In considering this factor the Court must look at who will be harmed if an injunction is granted, and to what extent. Defendant argues that the Plaintiffs would not be harmed if the injunction is issued because Plaintiffs have benefitted from residing in the Property "mortgage, rent, tax [,] and insurance free for nearly four (4) years. *See* Mot. Dkt. No. 13, pg. 12. Furthermore, Defendant maintains that Plaintiffs have no legal or equitable interest in the Property. *Id.*

In this case, no facts have been presented to the Court that indicate the granting of the injunction will cause harm to others. The Plaintiffs no longer reside on the Property, and it appears that Defendant lawfully obtained possession of the premises. Therefore, the Court concludes that the third prong of the Golden preliminary injunction test resides in favor of the Defendant.

### IV. The Impact of the Injunction on the Public Interest

Finally, the Court turns to the fourth prong of the Golden preliminary injunction test – the public interest. Defendant argues that the injunction would put the public on notice that they are accountable for the contracts that they enter into. The Court is not convinced that the public would be best served if an injunction was granted. Therefore, the Court finds that this prong does not weigh in favor of Defendant because facts have not been

presented indicating that the injunction is in the best interest of the public at large.

## V. Conclusion

In summary, after evaluating and applying the four factors considered in making a determination on the merits of a preliminary injunction, the Court finds that the balancing of the factors weigh in favor of denying the preliminary injunction. Although Defendant has demonstrated a likelihood of success on the merits of its motion to dismiss and that issuing the injunction would not likely cause harm to others, Defendant has not demonstrated that it will suffer irreparable harm or that issuing the preliminary injunction is in the best interest of the public. Therefore, Defendant's Emergency Motion for Preliminary Injunction is **DENIED**.

Accordingly, Defendant's Emergency Motion for Preliminary Injunction **[#13]** is **DENIED**.

SO ORDERED.

Dated: May 30, 2013  /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Court Judge