UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRA RICHARDSON, *et al.*

      Plaintiffs,

vs.

Case No.13-cv-10234
HON. GERSHWIN A. DRAIN

WELLS FARGO BANK, NA,

      Defendant.

_____/

### **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER [#24]**

### **I. INTRODUCTION**

On January 18, 2013, Defendant, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-FXD1 ("Wells Fargo"), removed the instant action from the Oakland County Circuit Court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(b). Plaintiffs, Myra and Robert Richardson, filed this action seeking to quiet title to property commonly known as 5828 Oak Hill Road, Ortonville, Michigan (the "Property").

Presently before the Court is Plaintiffs' Motion for Temporary Restraining Order, for a Stay of Proceedings in the Lower Court, and for Stay of the Execution of the Order of Eviction Pending the Outcome of the Federal Court Case and Possible Appeal to the Sixth Circuit Court of Appeals, filed on June 28, 2013. The Court entered an Order on June 28, 2013 setting a hearing on Plaintiffs' Motion for Temporary Restraining Order for July 3, 2013 and requiring Wells Fargo to file a Response to Plaintiffs' pending motion by July 1, 2013. Plaintiffs filed a Reply in support of their

Motion for Temporary Restraining Order on July 2, 2013. This matter is fully briefed and a hearing was held on July 3, 2013. For the reasons that follow, the Court denies Plaintiffs' Motion for Temporary Restraining Order.

## II. FACTUAL BACKGROUND

Plaintiffs purchased and obtained a mortgage on the Property in the amount of $358,800.00 from Coastal Capital Corporation on September 11, 2006. The mortgage was recorded on September 29, 2006, in Liber 38183, page 241, Oakland County Records. On February 25, 2008, the mortgage was assigned to Option One Mortgage Corporation. The assignment was recorded May 30, 2008, in Liber 40345, page 305, Oakland County Records. The mortgage was thereafter assigned to Wells Fargo on or about February 26, 2009, and recorded on March 13, 2009, in Liber 40974, page 450, Oakland County Records.

Plaintiffs subsequently defaulted on the mortgage and have not made any payments since November of 2008. On February 26, 2009, Plaintiffs were provided notice that the mortgage loan had been accelerated pursuant to the loan agreement. Notice of the foreclosure sale was posted to the Property on March 6, 2009 and published in the Oakland Press on February 27, 2009, March 6, 2009, March 20, 2009 and March 23, 2009. At the sheriff's sale, Wells Fargo made the winning bid and the sheriff's deed was recorded on March 22, 2010 in Liber 41918, Page 304, Oakland County Records. Plaintiffs did not redeem the Property during the redemption period.

On March 10, 2011, in an attempt to retain the Property, Plaintiffs filed an action in the Oakland County Circuit Court. This action was eventually dismissed on June 24, 2011 for failure to prosecute. Wells Fargo obtained a judgment of possession from the 52-2 District Court on August 8, 2011. Plaintiffs appealed the judgment of possession to the 52-2 District Court and the Oakland

County Circuit Court.  Both appeals were dismissed in favor of Wells Fargo.

After Plaintiffs' appeal was dismissed by the Circuit Court, Defendant obtained an order of eviction that Plaintiffs also appealed, and on February 28, 2013, this second claim of appeal was dismissed by the Circuit Court. Defendant took possession of the Property in February of 2013.

Plaintiffs filed the instant action on December 6, 2012, and Wells Fargo removed the action on January 18, 2013.  Wells Fargo filed a Motion to Dismiss on April 24, 2013.  This motion is set for hearing on July 23, 2013.  In the meantime, Wells Fargo filed an Emergency Motion for Temporary Restraining Order claiming that after Wells Fargo took possession of the Property, Plaintiffs posted no trespassing signs and erected a steel cable preventing access to the Property. Wells Fargo sought an injunction enjoining Plaintiffs from entering and/or damaging the Property. The Court denied Wells Fargo's request for injunctive relief on May 30, 2013.

Wells Fargo recently discovered that Plaintiffs moved back into the Property requiring Wells Fargo to file an Emergency Motion for Reissuance of Order of Eviction and Order to Show Cause in the 52-2 District Court.  A hearing was held on June 28, 2013.  The 52-2 District Court entered an Order granting a new Writ of Eviction and ordering the Plaintiffs to show cause "why they should not be held in contempt for their continued violation of this Court's Order of Eviction[.]" Plaintiffs' Motion for a Temporary Restraining Order seeks to enjoin the state court from enforcing its Writ of Eviction.  Since the filing of Plaintiffs' present motion, Wells Fargo apparently executed the Writ of Eviction on July 1, 2013.  Additionally, it appears that the hearing on the state court's order to show cause has been set for July 11, 2013.  Plaintiffs maintain that Wells Fargo seeks an order from the state court holding Plaintiffs in criminal contempt, and potentially an order of incarceration.

## III.  ANALYSIS

### A.  Standard of Review

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit.  *See University of Texas v. Camenisch*, 451 U.S. 390 (1981).  Whether to grant such relief is a matter within the discretion of the district court.  *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).   The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction.  *See Sandison v. Michigan High School Athletic Assoc.,* 64 F.3d 1026, 1030 (6th Cir. 1995).  The four factors that must be balanced and considered before the court may issue a temporary restraining order or preliminary injunction include: (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *Certified Restoration*, 511 F.3d at 542; *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).

"None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them."  *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996).  Preliminary injunctive relief "is an extraordinary measure that has been characterized as 'one of the most drastic tools in the arsenal of judicial remedies.'" *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001).  It is well settled that, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

## **B.   Likelihood of Success on the Merits**

Contrary to Plaintiffs' argument, they have absolutely no likelihood of success on the merits of their claims.  This Court has already determined that the doctrine of *res judicata* applies to Plaintiffs' claims.  *See* Dkt. No. 23 at 6 ("Thus, the doctrine of *res judicata* would apply to the present case at bar.  The Defendant has shown that it is likely to succeed on the merits . . . ."). Plaintiffs argue that if this Court had the benefit of Plaintiffs' Response to Wells Fargo's Motion to Dismiss at the time the Court ruled on Wells Fargo's Motion for a Preliminary Injunction, this Court's conclusion that Wells Fargo has a likelihood of success on Plaintiffs' claims would have been different.  A cursory review of Plaintiffs' Response to Wells Fargo's Motion to Dismiss does not change this Court's previous conclusion that *res judicata* applies to this action and Defendants are likely to succeed in this matter.   Further, Plaintiffs have misconstrued this Court's previous decision denying Wells Fargo's Motion for Preliminary Injunction.  *See* Dkt. No. 23.  Contrary to Plaintiffs' assertion, this Court never concluded that Plaintiffs could remain in their home.  Rather, the Court held that the extraordinary remedy of a preliminary injunction was not warranted because Wells Fargo could not establish irreparable harm.  *Id*. at 7-8.

Additionally, this Court lacks authority to interfere with state court proceedings pursuant to 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see also Cragin v. Comerica Mortgage Co.*, No. 94-2246, 1995 U.S. App. LEXIS 37089, at *1 (6th Cir. Oct. 24, 1995) (finding that the Anti-Injunction Act "generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts.").

Plaintiffs argue that the Anti-Injunction Act does not bar this Court from entering a temporary restraining order. The cases relied on by Plaintiffs are distinguishable from the present matter. In *United States Citizens Ass'n v. Sebelius*, 754 F.Supp. 2d 903 (N.D. Ohio 2010) and *Thomas Moore Ctr. v. Obama*, 651 F.3d 529 (6th Cir. 2011), the courts addressed the Anti-Injunction Act, or section 7421 of the internal revenue code which states in relevant part: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a). Thus, these cases do not support Plaintiffs' argument that this Court has the authority to enjoin ongoing state court proceedings since those cases dealt with § 7421(a), rather than § 2283, which applies to the instant matter.

Even if § 2283 did not bar entry of a temporary restraining order, Plaintiffs have failed to demonstrate that this extraordinary remedy is warranted under the circumstances. Plaintiffs' arguments that they have title and/or interest in the Property are unavailing. As an initial matter, the assertions made by Plaintiffs in support of their present motion include facts that were not raised in their Complaint. Specifically, Plaintiffs maintain that they purchased Parcel D in 1988 and Parcel C in 1993, and that Parcel C is located in front of Parcel D and is connected by an easement for ingress and egress. Plaintiffs maintain that they own both Parcel C and Parcel D. However in their Complaint, Plaintiffs alleged "[t]he subject matter of this action is situated in Oakland County, State of Michigan more fully described as follows: PARCEL D . . . . CONTAINING 8.073 ACRES MORE OR LESS. TOGETHER WITH A 66 FEET WIDE EASEMENT FOR INGRESS AND EGRESS ACROSS THE EAST 66 FEET OF PARCEL "C." Plaintiffs' Complaint is devoid of any factual allegations concerning Parcel C and thus their arguments are plainly a red herring. Further, Plaintiffs assert that Wells Fargo removed ten vehicles from Parcel C that are owned by Plaintiffs,

as well as removed building materials from Parcel D that belong to the Plaintiffs. None of these allegations are contained in Plaintiffs' Complaint.

Lastly, Plaintiffs' argument that the 52-2 District Court's June 28, 2013 Order contravenes this Court's May 30, 2013 Order denying Wells Fargo injunctive relief is incorrect. The Court's Order does not impact the state court's authority to reissue the order of eviction. Thus, based on the foregoing, the Court finds that Plaintiffs have failed to demonstrate a likelihood of success on the merits.

### C.  Irreparable Harm, Harm to Others and Public Interest

Plaintiffs cannot establish irreparable harm. Enforcement of a state court's valid order of eviction does not constitute irreparable harm. Plaintiffs have not demonstrated they are likely to succeed on their claims, thus without any legal right to possession of the Property, the Court finds no irreparable harm if Plaintiffs are evicted from the Property.

Plaintiffs fail to address whether entry of a temporary restraining order will cause harm to others. Here, Plaintiffs have not set forth any facts or argument suggesting that they have legal right to possession of the Property and Wells Fargo has obtained a valid order of eviction from the state court. Thus, the Court finds that Wells Fargo will suffer harm if an injunction is granted.

Lastly, contrary to Plaintiffs' argument, there is no public interest in permitting them to remain in possession of the Property when the state court has issued a valid judgment and orders of possession and eviction. If the Court entered a temporary restraining order, the public interest in the enforcement of state court orders and judgments would be thwarted. Therefore, in addition to the first factor, the other factors this Court must consider to determine the propriety of entering a temporary restraining order all weigh in favor of Wells Fargo.

## IV.  CONCLUSION

Here, the Court concludes that none of the factors supporting entry of a temporary restraining order weigh in favor of the Plaintiffs, and in particular, the fact that there is no likelihood of success on the merits of Plaintiffs' claims compels the conclusion that there is no basis for injunctive relief enjoining the state court from acting on its judgment.  *See Gonzales*, 225 F.3d at 625.  Accordingly, Plaintiffs' Motion for Motion for Temporary Restraining Order, for a Stay of Proceedings in the Lower Court, and for Stay of the Execution of the Order of Eviction Pending the Outcome of the Federal Court Case and Possible Appeal to the Sixth Circuit Court of Appeals [#24] is DENIED.

SO ORDERED.

Dated: July 5, 2013                                          /s/Gershwin A Drain
                                                             GERSHWIN A. DRAIN
                                                             United States District Court Judge